IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA O'MALLEY, | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. RDB-19-3273 |
| TRADER JOE'S EAST, INC., | * | |
|     Defendant. | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM ORDER**

On September 28, 2020, the Court referred this employment discrimination case to Magistrate Judge Deborah L. Boardman for all discovery and related scheduling. (ECF No. 21.) On October 5, 2020, Judge Boardman issued a Letter Order memorializing an October 2, 2020 discovery call regarding Defendant Trader Joe's East, Inc's ("Defendant") responses to Plaintiff Lisa O'Malley's ("Plaintiff") document requests numbers 6, 12, and 13. (ECF No. 29.)  Pursuant to Judge Boardman's Letter Order, Defendant was ordered to produce documents responsive to requests numbers 6 and 12 by October 9, 2020. (*Id.*) Judge Boardman found Defendant's response to request number 13 sufficient. (*Id.*) On October 8, 2020, Defendant filed Objections to the Magistrate Judge's Letter Order Dated October 25, 2020 and Request to Stay Time for Compliance with the Letter Order. (ECF No. 30.) This Court amended the Letter Order to allow Defendant until October 16, 2020 to produce the documents pending this Court's review of Judge Boardman's decision. (ECF No. 31.)

The Court has now reviewed the Magistrate Judge's Letter Order and Defendant's objections thereto, and finds no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Objections to the Magistrate Judge's Letter Order Dated

October 25, 2020 (ECF No. 30) are OVERRULED and the Magistrate Judge Boardman's Letter Order (ECF No. 29) is AFFIRMED, but AMENDED to allow Defendant **until 5:00 p.m. Wednesday, October 21, 2020** to produce the subject documents.

## STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, a "pretrial matter not dispositive of a party's claim or defense" may be referred to a magistrate judge for resolution. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Mvuri v. Am. Airlines, Inc.*, 776 F. App'x 810, 810 (4th Cir. 2019) (per curiam). When reviewing a magistrate judge's findings, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party opposes the magistrate judge's order, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2019); *United Bank v. Buckingham*, 301 F. Supp. 3d 547, 551 (D. Md. 2018); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). In performing this review, the court may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636.

The clearly erroneous standard does not permit the reviewing court to ask whether the magistrate judge's ruling "is the best or only conclusion permissible based on the evidence" or to "substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010); *see Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Instead, a "finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with

the definite and firm conviction that a mistake has been committed.'" *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (quoting *Anderson*, 470 U.S. at 573, 105 S.Ct. 1504). An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Sandoval v. Starwest Servs., LLC*, 1:17-cv-01053 (AJT/TCB), 2018 WL 2426269, at *1 (E.D. Va. Feb. 16, 2018) (citation omitted).

A magistrate judge's resolution of a discovery dispute is typically accorded substantial deference. *See Stone*, 356 F. Supp. 3d at 511; *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 n.5 (E.D. Va. 2010) (collecting cases). The objecting party carries a heavy burden in persuading a district court to disturb a magistrate judge's ruling on a discovery matter. *See Stone*, 356 F. Supp. 3d at 511; *see also* 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 3069 (3d ed. 2019) (noting that review of a magistrate's discovery ruling "might better be characterized as suitable for an abuse-of-discretion analysis").

## DISCUSSION

This Court finds no error in Judge Boardman's discovery ruling that Defendant must produce documents responsive to requests numbers 6 and 12. Defendant argues that the Letter Order is contrary to law and clearly erroneous because (1) the Magistrate Judge failed to apply Local Rule 104.8(a); and (2) the Magistrate Judge misapplied the legal standard for determining whether a request is relevant and proportional to the needs of the case. Defendant's arguments lack merit.

### 1. **Local Rule 104.8**

Local Rule 104.8 provides that a party who is unsatisfied with discovery responses and who "has been unable to resolve informally" such dispute, must serve a motion to compel

within thirty days of the party's receipt of the discovery response. Local Rule 104.8(a) (D. Md. 2018). Defendant argues that Judge Boardman's Letter Order failed to make a finding as to the timeliness of Plaintiff's discovery objections despite addressing the issue during the discovery conference. This Court finds that any such failure to address the timeliness of Plaintiff's discovery objections does not constitute error because even if Plaintiff's objections were untimely, this procedural defect is not fatal to a motion to compel absent any undue prejudice to the non-moving party and if good cause is shown. *See Chavis v. Plumbers & Steamfitters Local 486 Pension Plan*, Civil Case No. 17-2729-ELH, 2019 WL 4879015, at *4 (D. Md. Oct. 3, 2019) ("Failure to comply with Local Rule 104.8 does not *per se* require dismissal of a party's motion to compel…. [i]f the non-moving party will not suffer any undue prejudice…and there is good cause to excuse the failure to comply, then the moving party's motion will not be dismissed because of the procedural defect."). Defendant has not articulated any prejudice resulting from Plaintiff's alleged untimeliness. Furthermore, this Court affords substantial deference to Magistrate Judge Boardman's very thorough Letter Order. *See Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010); *Stone*, 356 F. Supp. 3d at 511. Accordingly, any failure by Plaintiff to comply with Local Rule 104.8 is of no moment and does not warrant setting aside that Letter Order.

### 2. Relevancy and Proportionality

Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." The party seeking discovery has the burden to establish its relevancy and proportionality, at which point the burden shifts to the party

4

resisting discovery to demonstrate why the discovery should not be permitted.  *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018); *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005).

Relevancy has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'"  *Revak v. Miller*, 7:18-CV-206-FL, 2020 WL 1164920, at *2 (E.D.N.C. Mar. 9, 2020) (citation omitted); *see Fish v. Air & Liquid Sys. Corp.*, GLR-16-496, 2017 WL 697663, at *2 (D. Md. Feb. 21, 2017) (Copperthite, M.J.); *see also Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979); *Carr v. Double T Diner*, 272 F.R.D. 431, 433 (D. Md. 2010).  Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Moreover, pursuant to Rule 26(b)(2)(C), a court may limit discovery *sua sponte* or at a party's request for any one of three reasons: "the discovery sought is unreasonably cumulative or duplicative"; it is "obtainable from some other source that is more convenient, less burdensome, or less expensive"; or "the burden or expense of the proposed discovery outweighs the likely benefit."  *See Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) ("The simple fact that requested information is discoverable … does not mean that discovery must be had.").  The United States Court of Appeals for the Fourth Circuit has given district courts "nearly unfettered discretion to control the timing and scope of discovery." *See*

*United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 323 (4th Cir. 2018); *see Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996). As a result, "discovery rulings are generally not overturned on appeal 'absent a showing of clear abuse of discretion,'" which "will only be identified where discovery restrictions prevent a litigant from 'pursuing a litigation theory.'" *Ancient Coin Collectors Guild*, 899 F.3d at 323 (alteration and citation omitted).

Defendant argues that Judge Boardman misapplied these legal standards by finding Plaintiff's timecards relevant (request number 6) and by ordering Defendant to produce documents which Defendant asserts it "does not have within its possession, custody, or control because [they] do[] not exist" (request number 12). (Def.'s Objections at 13-18, ECF No. 30.) Request number 6 sought "[a]ll documents relating to Plaintiff's compensation by Defendant, including, but not limited to: all records (such as, time cards, time sheet and work schedules) reflecting the days and hours worked by Plaintiff for Defendant." (ECF No. 28-10.) Request number 12 sought "[a]ll documents consisting, constituting, summarizing, reflecting, regarding, or relating to the placement of any employee who was terminated between 2017 and present." (*Id.*)

This Court agrees with Judge Boardman's finding that Plaintiff's timecards are relevant to whether any of Defendant's stated reasons for Plaintiff's termination were pretext for discrimination. Defendant's argument that such timecards "are not a convenient source of information" for Plaintiff's request is outweighed by the fact that "Defendant stated that it would not be burdensome to produce plaintiff's timecards." These considerations weigh in favor of Plaintiff on the proportionality requirement and this Court finds no error in Judge Boardman's finding on this issue.

Finally, Defendant argues that Judge Boardman's Letter Order requires it to produce information that does not exist. The Letter Order requires Defendant to produce "age and employee identification number of each employee hired from June 24, 2018 through September 30, 2018 who was assigned primarily to the demonstration area, which is where plaintiff primarily worked." (ECF No. 29 at 1.) Defendant argues that because the record shows that no specific employee was hired to replace Plaintiff, then this requested information does not exist. Contrary to Defendant's assertion, there is no requirement that Defendant produce information about Plaintiff's replacement, only that Defendant produce the information of any employees who were "assigned primarily to the demonstration area," where Plaintiff also worked. Such information about similarly situated employees is plainly relevant to Plaintiff's case.

Accordingly, upon consideration of the objections filed by Defendant, it is this 15th day of October, 2020, hereby ORDERED that:

1. Defendant's Objections to the Magistrate Judge's Letter Order Dated October 25, 2020 (ECF No. 30) are OVERRULED;

2. The Magistrate Judge's Letter Order (ECF No. 29) is AFFIRMED; and

3. The parties SHALL COMPLY with all discovery orders set forth therein **by 5:00 p.m. Wednesday, October 21, 2020.**

                                                                     /s/
                                           HON. RICHARD D. BENNETT
                                           UNITED STATES DISTRICT JUDGE